## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 12-61478-CIV-ROSENBAUM/PALERMO

MARY ELAINE ROJAS,

      Plaintiff,

v.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

### ORDER DENYING RECONSIDERATION

This matter is before the Court upon Plaintiff's Motion for Reconsideration [D.E. 28].  In her Motion, Plaintiff states that the Court did not address her request that the Court require the Social Security Administration ("SSA") to provide her with "an accounting and supporting documentation from SSA sufficient to determine the amounts to be paid to Plaintiff."  D.E. 28 at 2.  Plaintiff further avers that "it would be a mistake for this Court to leave the determination of the amount of full reimbursement to the machinations and timetable of the agency," and argues that without Court supervision, Plaintiff "may very likely" have to file another action in this Court.  *Id.* at 2-3. Defendant opposes the Motion.  D.E. 31.

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing *Mannings v. Sch. Bd. of Hillsborough Cnty.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993)).  "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'"  *Id.* at 1369 (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561,

1563 (S.D. Fla. 1992)).   Only three major grounds generally justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  *Id.* (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)).   On the other hand, "[a] 'motion for reconsideration should not be used as a vehicle to . . .reiterate arguments previously made.'"  *Id.*

Contrary to Plaintiff's contention, the Court did address that aspect of Plaintiff's Petition seeking an accounting when it ruled that "all other aspects of Count I and III of Plaintiff's Complaint are hereby **DISMISSED.**"  D.E. 27 at 8.  Nevertheless, Plaintiff's Motion must be denied because she has not established clear error or manifest injustice in the Court's denial of her request for an accounting.  Nor does Plaintiff suggest that there has been a change in controlling law or that new evidence entitles her to this relief.

As previously discussed by the Court, mandamus relief is an extraordinary remedy that is available only when "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) 'no other adequate remedy is available.'"  *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003) (quoting *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980)).  The Court's prior Order recognized and granted Plaintiff the relief to which she was clearly entitled: "Defendant must reimburse Plaintiff the full amount of money actually withheld from Plaintiff's benefits payments as those payments were originally due to Plaintiff at the time of withholding, without modification or recalculation of the payment due."  D.E. 27 at 8.  No where in Plaintiff's Motion does she attempt to demonstrate that she has a "clear right" to have someone other than the Commissioner determine her correct benefit payment.  Moreover, to the extent Plaintiff argues (from

an unsupported assumption that Defendant will fail to comply with the Court's order) that she will inevitably have to file another judicial action to enforce the judgment, she demonstrates that another adequate remedy is available, undercutting her entitlement to mandamus relief.

Because Plaintiff has shown neither that the Court erred in denying her request for an accounting nor that manifest injustice will result or that new evidence or new law demands such relief, it is **ORDERED and ADJUDGED** that Plaintiff's Motion for Reconsideration [D.E. 28] is **DENIED**.[1]

**DONE and ORDERED** in Fort Lauderdale, Florida, this 2nd day of August 2013.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of record

_____

[1] The Court observes that Defendant has already agreed to prepare an accounting "with appropriate explanation of the amounts of benefits withheld and reimbursement due Plaintiff." D.E. 31.